# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Marchel Denise Brown, ) | |
| ) | |
| ) | Civil Action No.: 0:19-cv-01148-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 23, 2020. (ECF No. 16.) The Report addresses Plaintiff Marchel Denise Brown's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 23.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-5.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 9-2 at 24.) Although the ALJ found Plaintiff had the severe impairments of bilateral knee osteoarthritis, bilateral carpal tunnel syndrome, peripheral neuropathy, major depressive disorder, and obesity (*Id.* at 13), the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform light work with additional

1

restrictions (*Id.* at 17). In doing so, the ALJ assigned great weight to Dr. Stephen Wissman, a state agency record reviewer, and little weight to Ms. Candace Kirby, a treating nurse practitioner. (*Id.* at 19-20.) The ALJ also discounted Plaintiff's subjective statements regarding her alleged symptoms because they were "not entirely consistent with the" record. (*Id.* at 18.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on April 1, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 16 at 1.) Specifically, the Magistrate Judge found the ALJ properly weighed and explained opinion evidence regarding Dr. Wissman and Ms. Kirby. (*Id.* at 9-11.) The Magistrate Judge further observed that Plaintiff had not "demonstrated that the ALJ's [RFC] analysis and findings [were] unsupported by substantial evidence or controlled by an error of law." (*Id.* at 13.) Regarding a potential conflict between the RFC and vocation expert testimony, the Magistrate Judge explained recent Fourth Circuit precedent addressed Plaintiff's arguments. (*Id.* at 17.) *See Lawrence v. Saul*, 941 F.3d 140 (4th Cir. 2019) (finding no apparent conflict between a limitation to "simple, routine, repetitive tasks of unskilled work" and jobs involving Level 2 reasoning with "detailed but uninvolved . . . instructions and tasks with a few variables") (citation and internal marks omitted). Lastly, the Magistrate Judge reasoned that the ALJ properly discounted Plaintiff's subjective

complaints because such complaints "were inconsistent with, contradicted by, or otherwise undermined by the record." (*Id.* at 21.)

On March 23, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 24.) Plaintiff thereafter offered timely objections to the Report, arguing the ALJ improperly (1) assessed opinion evidence; (2) formulated the RFC; and (3) discounted Plaintiff's subjective complaints. (ECF No. 17.) In response to Plaintiff's objections, the Commissioner asks the court to adopt the Report because the ALJ's decisions were supported by substantial evidence. (ECF No. 18.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

3

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff brings three objections to the Report. First, she argues the ALJ erred by granting significant weight to Dr. Wissman, whose opinions predated Plaintiff's alleged disability onset date, while discounting Ms. Kirby's opinions. (ECF No. 17 at 2.) Plaintiff also points to error because the ALJ gave a prior ALJ's decision—which predated Plaintiff's alleged onset date—no weight. (*Id.*) Regarding the Report, Plaintiff alleges the Magistrate Judge in essence did "not explain how the ALJ properly weighed the evidence in accordance with federal regulations and applicable Social Security Rulings."[1] (*Id.*)

---

[1] The Magistrate Judge offered a thorough analysis on the arguments raised by Plaintiff, including whether substantial evidence supported the ALJ's assignments of weight to medical evidence (ECF No. 16 at 9-11), the ALJ's decision to discount a prior ALJ's decision (*Id.* at 10), and how, based on the whole record, substantial evidence supported the ALJ's decision (*Id.* at 11). Tellingly,

4

Second, Plaintiff contends the RFC did "not adequately account for the moderate difficulties in concentration, persistence, and pace identified by the ALJ." (ECF No. 17 at 2.) Plaintiff appears to similarly challenge the Report for committing the same purported mistakes as the ALJ. (*Id.* at 2-3.) Third, Plaintiff stresses that substantial evidence does not support the ALJ's decision to discount her subjective complaints. (*Id.* at 3-4). Plaintiff likewise contends the Report erred by relying on purportedly immaterial daily activities, irrelevant past work experience, and otherwise only "objective [medical] findings" to discount her subjective statements.[2] (*Id.* at 4.)

The Commissioner counters by first observing substantial evidence supported the ALJ's assigned weight to Dr. Wissman and Ms. Kirby. (ECF No. 18 at 2-3.) Second, the Commissioner argues the ALJ adequately accounted for Plaintiff's moderate limitation in concentration, persistence, and pace by considering the whole record. (*Id.* at 3-5.) And third, the Commissioner explains the ALJ properly discounted Plaintiff's subjective complaints after reviewing the record. (*Id.* at 5.)

---

the Magistrate Judge noted "that many of Brown's arguments essentially ask the court to again analyze the facts and reweigh the evidence presented, contrary to the substantial evidence standard of review that this court is bound to apply at this stage in the proceedings." (*Id.* at 10.)

[2] Despite this assertion, the Magistrate Judge reviewed other non-objective medical findings. For example, the Report explained that

> [t]he ALJ's discussion reflects not just consideration of objective medical evidence but also Brown's subjective reports to her medical sources as well as treatment methods and steps taken by Brown as directed by her medical sources. Further, unlike the cases cited by Brown, Brown's activities go beyond some housework and shopping at her own pace and therefore were properly considered . . . . To reiterate, the court may not substitute its judgment for the Commissioner's and finds that the ALJ's conclusions are within the bounds of the substantial evidence standard.

(ECF No. 16 at 22.) As a consequence, it appears Plaintiff's instant objection simply rehashes the argument before the Magistrate Judge.

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court has reviewed the whole record, including Plaintiff's brief (ECF No. 12), Plaintiff's objections (ECF No. 17), and the Report (ECF No. 16). After examining all of the pleadings, the court concludes that Plaintiff's objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 16 at 5-16; 18-23.) Moreover, Plaintiff's objections substantively mirror the arguments raised in her prior briefing, including contentions with (1) the ALJ's assessed weight of opinions (*compare* ECF No. 12 at 15-18 *with* ECF No. 17 at 1-2); (2) the RFC formulation (*compare* ECF No. 12 at 20-22 *with* (ECF No. 17 at 2-3); and (3) Plaintiff's discounted subjective complaints (*compare* ECF No. 12 at 26-27 *with* (ECF No. 17 at 3-4). A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial

brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 1, 2020
Columbia, South Carolina